*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2412**

Kevin Charles O'Brien, petitioner,
Respondent,

vs.

Commissioner of Public Safety,
Appellant.

**Filed August 11, 2014
Reversed and remanded
Klaphake, Judge***

Dakota County District Court
File No. 19WS-CV-13-289

Jeffrey S. Sheridan, Eagan, Minnesota (for respondent)

Lori Swanson, Attorney General, Anne Fuchs, Kristi Nielsen, Assistant Attorneys General, St. Paul, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Smith, Judge; and Klaphake, Judge.

**U N P U B L I S H E D   O P I N I O N**

**KLAPHAKE**, Judge

Appellant Minnesota Commissioner of Public Safety challenges the district court's

decision to rescind Kevin O'Brien's driver's license revocation because the district court

_____

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

found O'Brien's consent to submit to a breath test was unconstitutionally coerced in light of the criminal penalties for test refusal. We reverse the district court's decision on the consent issue but remand for the district court to consider O'Brien's additional arguments.

## DECISION

A police officer arrested Kevin O'Brien on suspicion of driving while impaired, and O'Brien submitted to a breath test that revealed that his alcohol concentration was above the per se legal limit for driving. The commissioner of public safety revoked his driving privileges. O'Brien petitioned for judicial review, and the district court rescinded his license revocation because it found that Minnesota's implied consent advisory unconstitutionally coerced his consent to submit to the test. The commissioner appeals, arguing that in light of the supreme court's holding in *State v. Brooks*, 838 N.W.2d 563 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014), the facts show that O'Brien voluntarily consented to the breath test.

Despite the civil nature of the proceeding, we apply the Fourth Amendment principles from criminal cases in license-revocation proceedings. *See Knapp v. Comm'r of Pub. Safety*, 610 N.W.2d 625, 628 (Minn. 2000); *Harrison v. Comm'r of Pub. Safety*, 781 N.W.2d 918, 920 (Minn. App. 2010). When the facts are not in dispute, we review independently whether the search fit within an exception to the Fourth Amendment. *State v. Othoudt*, 482 N.W.2d 218, 221 (Minn. 1992). But the voluntariness of consent to a search is a question of fact, which we will overturn only if clearly erroneous. *State v. Diede*, 795 N.W.2d 836, 846-47 (Minn. 2011). Neither party disputes the underlying

2

facts; the commissioner asserts simply that the district court made an error of law when it found that the implied consent advisory unconstitutionally coerced O'Brien.

The federal and state constitutions protect citizens from unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. A breath test is a search under the Fourth Amendment. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1413 (1989). Warrantless searches are unreasonable unless an exception to the warrant requirement exists. *State v. Flowers*, 734 N.W.2d 239, 248 (Minn. 2007). Valid, voluntary consent is an exception to the warrant requirement. *Othoudt*, 482 N.W.2d at 222. But the burden rests with the commissioner to show that the consent was voluntary. *Schneckloth v. Bustamonte*, 412 U.S. 218, 222, 93 S. Ct. 2041, 2045 (1973); *Diede*, 795 N.W.2d at 846. To determine whether consent was voluntary, we evaluate the totality of the circumstances. *Brooks*, 838 N.W.2d at 568. Consent is not involuntary simply because the decision to allow a search is difficult. *Id.* at 569.

The district court did not have the benefit of *Brooks* when issuing its opinion. So interpreting the law as it then stood, the district court held that the implied consent law, by criminally punishing a driver for test refusal, unconstitutionally coerced O'Brien's consent. But in *Brooks* the supreme court squarely addressed this issue and held that the mere threat of a criminal charge for test refusal and the reading of the consent advisory was insufficient to show consent was involuntary. *Id.* at 570.

Although we recognize that whether consent was sufficiently voluntary for Fourth Amendment purposes is determined by looking at the totality of the circumstances and that the burden rests with the commissioner to show voluntary consent, this record does

3

not convince us that O'Brien's consent was anything but free and voluntary. O'Brien maintains that *Brooks* does not apply to his case because the facts are different. He asserts that Brooks was a "veteran drunk driver [who] would not be intimidated by the threats inherent in the implied consent process," while he was a first-time offender. He also claims that, unlike Brooks, he was coerced because he never spoke to an attorney. And he contends that because he was compliant with law enforcement rather than obstinate, his case should be distinguished. But none of these contentions has merit.

The *Brooks* decision does not rely solely on the fact that the defendant was a "veteran drunk driver." It was simply one additional factor the court considered in reaching its result. *See id.* at 569-72. The *Brooks* court also did not rely specifically on Brooks's consultation with counsel before submitting to a chemical test. *Id.* at 571. O'Brien similarly had the opportunity to speak with counsel but decided to speak only with his wife. Finally, the *Brooks* court mentioned Brooks's obstinance with law enforcement in a footnote and only to explain the procedural posture of the case. *Id.* at 566 n.1. Overall, the supreme court focused on the fact that the implied consent advisory "made clear to [Brooks] that he had a choice of whether to submit to testing." *Id.* at 572. The same advisory was read to O'Brien. Although we recognize that some factual differences exist between *Brooks* and this case, we reach the same result by analyzing the totality of the circumstances here.

The factual scenario in *Brooks* is sufficiently similar to demonstrate that there was no undue coercion on the part of the state in this case. We therefore hold that under these facts and on this record, the district court's conclusion that O'Brien's consent was

4

involuntary was clearly erroneous. O'Brien consented to the breath test. Because we hold that O'Brien consented, we do not reach the commissioner's additional arguments for reversal.

But we nevertheless remand the case because the district court did not address two of O'Brien's initial arguments: that the test result was unreliable and that his right to an independent test was never vindicated. These are both questions of fact, which we do not determine on appeal. *See Schulz v. Comm'r of Pub. Safety*, 760 N.W.2d 331, 333-34 (Minn. App. 2009) (holding that whether a person requested an independent test is a question of fact); *Fontaine v. Steen*, 759 N.W.2d 672, 679 (Minn. App. 2009); *Genung v. Comm'r of Pub. Safety*, 589 N.W.2d 311, 313 (Minn. App. 1999) (stating that review of the reliability of chemical tests is to be determined by looking at facts found by the district court), *review denied* (Minn. May 18, 1999).

**Reversed and remanded.**