*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1603**

Marsha Katherine Millonig, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed May 23, 2016
Affirmed
Klaphake, Judge**[*]

Dakota County District Court
File Nos. 19WS-CV-15-431, 19HA-CR-15-1389

Jeffrey S. Sheridan, Sheridan & Dulas, P.A., Eagan, Minnesota (for appellant)

Lori Swanson, Attorney General, Peter D. Magnuson, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Schellhas, Presiding Judge; Jesson, Judge; and Klaphake, Judge.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KLAPHAKE**, Judge

Appellant Marsha Katherine Millonig challenges her driver's license revocation, arguing that the arresting officer did not have probable cause to arrest her and invoke Minnesota's implied-consent law, she did not consent to a breath test, and Minnesota's implied-consent law is unconstitutional. We affirm.

## DECISION

### *Probable Cause for Arrest*

Millonig argues that the district court erroneously concluded that Officer David Streefland had probable cause to arrest her for driving while impaired (DWI) and invoke Minnesota's implied-consent law. Probable cause "exists whenever there are facts and circumstances known to the officer which would warrant a prudent man in believing that the individual was driving . . . a motor vehicle while impaired." *State v. Koppi*, 798 N.W.2d 358, 362 (Minn. 2011) (quotation omitted). We review the district court's probable cause determination de novo because Millonig does not challenge the district court's factual findings. *See Shane v. Comm'r of Pub. Safety*, 587 N.W.2d 639, 641 (Minn. 1998) ("When the facts of a case are undisputed, probable cause is a question of law to be reviewed de novo.").

Officer Streefland initially observed Millonig's vehicle enter an intersection on a red light. Millonig also nearly completed a stop at a green light, and crossed over and straddled the center-dividing line. After Officer Streefland activated his emergency lights, Millonig turned twice before entering her garage. While standing near Millonig, Officer

Streefland noticed a strong odor of an alcoholic beverage, Millonig's speech was "very slurred," her eyes were bloodshot and watery, and she leaned on her vehicle for balance.

Depending on the circumstances, probable cause may be based on a single objective indication of intoxication. *Martin v. Comm'r of Pub. Safety*, 353 N.W.2d 202, 204 (Minn. App. 1984). Officer Streefland observed numerous indicia of intoxication, and Millonig admitted to consuming alcohol. *See State v. Laducer*, 676 N.W.2d 693, 698 (Minn. App. 2004) ("An admission of drinking, coupled with other indicators of intoxication, is sufficient for probable cause to arrest."). Therefore, the district court did not err when it concluded that Officer Streefland had probable cause to arrest Millonig and invoke Minnesota's implied-consent law.

### Consent to Test

Millonig next argues that she did not consent to a breath test. This court reviews for clear error whether consent to search was voluntary. *State v. Diede*, 795 N.W.2d 836, 846 (Minn. 2011). "A finding is clearly erroneous when there is no reasonable evidence to support the finding or when an appellate court is left with the definite and firm conviction that a mistake occurred." *State v. Rhoads*, 813 N.W.2d 880, 885 (Minn. 2012).

Both the United States and Minnesota Constitutions provide that "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated." U.S. Const. amend IV; Minn. Const. art. I, § 10. Collecting a breath sample constitutes a search under the Fourth Amendment. *Mell v. Comm'r of Pub. Safety*, 757 N.W.2d 702, 709 (Minn. App. 2008). A warrantless search

is presumptively unreasonable. *Harrison v. Comm'r of Pub. Safety*, 781 N.W.2d 918, 920 (Minn. App. 2010).

But a search warrant is not required "if the subject of the search consents." *State v. Brooks*, 838 N.W.2d 563, 568 (Minn. 2013). Consent must be made freely and voluntarily. *Id.* This court determines whether consent is voluntary by considering the totality of the circumstances. *Id.* This consideration includes "the nature of the encounter, the kind of person the defendant is, and what was said and how it was said." *State v. Dezso*, 512 N.W.2d 877, 880 (Minn. 1994). A person does not consent simply by acquiescing to a claim of lawful authority. *Brooks*, 838 N.W.2d at 569.

Millonig agreed to take a breath test after Officer Streefland read her the implied-consent advisory and informed her that refusal to take the test constituted a crime. "[A] driver's decision to agree to take a test is not coerced simply because Minnesota has attached the penalty of making it a crime to refuse the test." *Id.* at 570; *Poeschel v. Comm'r of Pub. Safety*, 871 N.W.2d 39, 46 (Minn. App. 2015) (rejecting argument that consent was involuntary because the appellant told the officers she would take the test only because the law required it). In *Brooks*, the supreme court concluded that the driver voluntarily consented to testing, considering that: (1) he was not confronted with repeated questioning nor asked to consent after spending "days in custody," (2) he consulted with an attorney before submitting to testing, and (3) law enforcement read the implied-consent advisory to him prior to testing. *Id.* at 571–72.

Similarly here, Millonig was not confronted with repeated questioning or asked to consent after a lengthy period in custody; Officer Streefland began the implied-consent

advisory approximately 26 minutes after stopping Millonig's vehicle, and Millonig agreed to take the test shortly thereafter. Officer Streefland also read the implied-consent advisory to Millonig before the test, and Millonig consulted with an attorney before taking the test.

Millonig asserts that *Brooks* is distinguishable because the driver in *Brooks* had been arrested on numerous occasions for DWI. The fact that Brooks was a "veteran drunk driver" was but one factor that was considered. *See id.* at 569–72. Moreover, because Millonig was also previously convicted of DWI, this consideration also supports the district court's decision here. Therefore, the district court did not err by concluding that Millonig validly consented to the breath test.

*Constitutionality of Statute*

Millonig next argues that Minnesota's test-refusal statute violates her constitutional right to due process because it criminalizes the exercise of her right to withhold consent to a warrantless search. The constitutionality of a statute is a question of law that this court reviews de novo. *State v. Ness*, 834 N.W.2d 177, 181 (Minn. 2013). Minnesota statutes are presumed constitutional, and a reviewing court will declare a statute unconstitutional "only when absolutely necessary." *State v. Melde*, 725 N.W.2d 99, 102 (Minn. 2006) (quotation omitted). Minnesota's test-refusal statute provides that "[i]t is a crime for any person to refuse to submit to a chemical test of the person's blood, breath, or urine under section 169A.51 (chemical tests for intoxication), or 169A.52 (test refusal or failure; revocation of license)." Minn. Stat. § 169A.20, subd. 2 (2014).

In *State v. Bernard*, the supreme court held that a warrantless breath test was constitutional under the search-incident-to-arrest exception to the Fourth Amendment's

5

warrant requirement. 859 N.W.2d 762. 772 (Minn. 2015), *cert. granted*, 136 S. Ct. 615 (Dec. 11, 2015). While *Bernard* is currently under review in the Supreme Court, it remains the law in this state until and unless overturned. *See State v. M.L.A.*, 785 N.W.2d 763, 767 (Minn. App. 2010) ("[T]his court[] is bound by supreme court precedent . . . ."), *review denied* (Minn. Sept. 21, 2010). Thus, following *Bernard*, we conclude that Minnesota's test-refusal statute does not violate Millonig's constitutional right to due process of law.

### *Unconstitutional-Conditions Doctrine*

Millonig also argues that the test-refusal statute violates the unconstitutional-conditions doctrine. "Minnesota's test-refusal statute does not violate the unconstitutional-conditions doctrine by imposing a criminal penalty on a person who has been arrested for driving while impaired and has refused to submit to a breath test." *State v. Bennett*, 867 N.W.2d 539, 540 (Minn. App. 2015), *review denied* (Minn. Oct. 28, 2015). We therefore reject this challenge to the test-refusal statute.

**Affirmed.**